# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **JODY LOMBARDO & BRYAN GILBERT,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**CITY OF ST. LOUIS, RONALD BERGMANN, JOE STUCKEY, PAUL WACTOR, MICHAEL COGNASSO, KYLE MACK, ERICH VONNIDA, BRYAN LEMONS, ZACHARY OPEL, JASON KING, & ROLAND DeGREGORIO,**<br><br>DEFENDANTS. | **Civil Action No. 4:16-CV-01637 NCC** |

## DEFENDANT CITY OF ST. LOUIS'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant City of St. Louis ("City") states the following in support of its Motion to Dismiss Plaintiffs Jody Lombardo and Bryan Gilbert's ("Plaintiffs") Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure:

### I. Background

Plaintiffs brought this twenty-count Complaint ("Complaint") against City and ten police officers employed by City under 42 USC § 1983 ("§ 1983"). The allegations and claims concern the death of Plaintiffs' biological son, Nicholas Gilbert ("Gilbert"), in the custody of the St. Louis Metropolitan Police Department on December 8, 2015. Plaintiffs sue each of the ten officers in both their individual capacities and their official capacities.

Plaintiffs direct five of the twenty counts against City. Four counts in the Complaint allege City violated Gilbert's Fourth and Fourteenth Amendment rights under § 1983: Count I alleges "improper restraint procedures"; Count II alleges excessive force; Count III alleges "deliberately indifferent policies, practices, customs, training, and supervision;" and Count IV alleges deliberate indifference to a medical need. A fifth count, Count XX, alleges negligence against City.

1

## II. <u>Standard of Review</u>

A complaint must be dismissed if it fails to state a claim upon which relief may be granted. FED.R.CIV.PRO. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff is required to plead more than a mere "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, a court "must take all of the factual allegations in the complaint as true, but should <u>not</u> "accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Twombly*). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. <u>Argument</u>

The Court should dismiss Counts I, II, III, and IV for failure to state a claim for which relief can be granted because Plaintiffs do not allege sufficient facts to establish an official policy or unofficial custom to support municipal liability under § 1983. The Court should dismiss Count XX against City because it is barred by sovereign immunity under Missouri law. The Court should also dismiss all Plaintiffs' official capacity claims against the ten police officers because those claims are redundant to the claims against City.

### A. <u>Counts I – IV: Plaintiff Fails to Allege Facts to Trigger Municipal Liability</u>

The Court should dismiss Counts I through IV of Plaintiffs' Complaint because they do not adequately allege facts that state a claim for liability for City under § 1983.

Under § 1983, a municipality may be liable if the governmental body itself subjects a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *See Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 692 (1978). But, that liability only applies to the municipality's "*own* illegal acts." *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986) (citing *Monell*). A municipality is not vicariously liable under § 1983 for the actions of its employees. *Monell,* 436 U.S. at 691; *see also City of Canton v. Harris,* 489 U.S. 378, 392 (1989). A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused the plaintiff's injury to ensure that "a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative

body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403–04 (1997). Official municipal policy includes the decisions of lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to have the force of law. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To survive a Rule 12(b)(6) motion, a complaint alleging municipal liability under *Monell* must "[a]t a minimum ... allege facts which would support the existence of an unconstitutional policy or custom." *Doe v. Sch. Dist. of City of Norfolk,* 340 F.3d 605, 614 (8th Cir. 2003).

In *Franklin v. St. Louis Cty. Bd. of Police Comm'rs*, No. 4:14-CV-1560-SPM, 2015 WL 4131486 (E.D. Mo. July 8, 2015), the Hon. Magistrate Judge Shirley Mensah dismissed similar claims as those here because the plaintiff alleged "no facts from which the Court could begin to draw an inference that the [governmental entity] had any unconstitutional policy or custom, or that such a policy caused the injury she alleges." *Id.* at *5 (relying on *Doe*, 340 F.3d at 614). In *Crump v. Boester*, 2016 WL 1624017 (E.D. Mo. April 25, 2016), the Hon. District Judge Rodney Sippel dismissed official policy and custom claims against a municipal defendant because the plaintiff did not identify any facts by which the court could "begin to infer that the conduct complained of resulted from an unconstitutional policy" or from a municipal custom. *Id.* at *2-3. In *D.B. v. Hargett*, 2014 WL 1371200 (D. Minn. Apr. 8, 2014), the Minnesota District Court dismissed the plaintiff's *Monell* claim based on substantially similar allegations as here, finding "boilerplate allegations asserting the mere generic elements of a *Monell* claim without any factual allegations specific to this case" were insufficient to state a claim against the municipal entity. *Id.* at *5-6.

Here, Plaintiffs fail to allege or identify sufficient facts to support the existence of any unconstitutional policy or custom. As in *Franklin*, *Crump*, *Hargett*, and others, Plaintiffs offer only conclusory assertions and legal conclusions, unadorned by factual allegations regarding policies or customs. In relevant part, Plaintiffs allege: in Count I, "City ... maintained policies, procedures, customs, and/or practices for proper restraining procedures to be used on emotionally disturbed arrestees and detainees, including [] Gilbert," Complaint, ¶ 51; in Count II, that City's officers' "mistreatment of [] Gilbert was perpetrated pursuant to [] City's policies, customs, decisions, ordinances, regulations, widespread habit, usage or practice," Complaint, ¶ 71; in Count III, that City "developed and maintained long-standing, department-wide customs, policies, procedures, customs, practices, and/or failed to properly train and/or

supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of [] Gilbert and the public," Complaint, ¶ 86; and in Count IV, that City's "Police Officers acted within the policies, procedures and practices dictated to them by [] City []," Complaint, ¶ 101. Nowhere in their Complaint do Plaintiffs offer any facts to accompany their threadbare assertions. As *Iqbal* makes clear, the Court need not accept as true boilerplate allegations and legal conclusions such as these. Thus, the Court should dismiss Plaintiffs' allegations against City in Counts I through IV because they assert no facts to establish *Monell* liability and otherwise fail to state a claim for which relief can be granted.

### B. Sovereign Immunity Bars the Negligence Claim against City

The Court should dismiss Count XX of Plaintiffs' Complaint because this state-law negligence claim is barred by Missouri's sovereign immunity doctrine.

Under Missouri law, sovereign immunity protects public entities from suit unless it is waived, abrogated, or modified by statute. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. App. E.D. 2009). Sovereign immunity is waived only in cases involving injuries directly resulting from the negligent operation of a motor vehicle by a public employee, or for injuries caused by a dangerous condition of a public entity's property. MO. REV. STAT. § 537.600; *Shell v. Ebker*, 2006 WL 1026982, at *10 (E.D. Mo. Apr. 14, 2006). Public entities also may waive their sovereign immunity to the extent that they are covered by liability insurance. *Southers v. City of Farmington*, 263 S.W.3d 603, 609 (Mo. banc 2008).

Here, Plaintiffs make no claims in Count XX that fit the specific statutory waivers of sovereign immunity under Missouri law. City is shielded from the generalized negligence theory alleged in this count. Thus, the Court should dismiss Plaintiffs' claims against City in Count XX.

### C. Official Capacity Claims Are Redundant

The Court should dismiss all Plaintiffs' official capacity claims against the ten police officer defendants because those claims are redundant to the claims against City.

Under well-established law, the real party in interest in an official-capacity suit is the governmental entity (not the named official) and is treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, "a suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity" and properly dismissed as redundant of the claim against that entity. *Veatch v. Bartels*

4

*Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *see also Caruso v. City of St. Louis*, No. 4:16 CV 1335 RWS, 2016 WL 6563472, at *1 (E.D. Mo. Nov. 4, 2016) (finding it proper to dismiss a claim against a government officer in his official capacity as duplicative or redundant if the claims are also asserted against the officer's governmental employer). As set forth above, an official capacity claim requires a showing that the governmental entity is the "moving force" behind the alleged violation, which means the entity's official policy or custom must have caused the violation. *Clay v. Conlee*, 815 F.3d 1164, 1170 (8th Cir. 1987). As with a *Monell* claim, an official capacity claim must also include some "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom," or it must be dismissed. *Meyers v. Red Roof Inns, Inc.*, No. 4:15CV00393 ERW, 2015 WL 1650904, at *3 (E.D. Mo. Apr. 14, 2015).

Here, Plaintiffs make official-capacity claims against all ten police officer defendants. Under *Graham* and *Veatch*, official-capacity claims have the legal effect of allegations against City; accordingly, the official-capacity claims here are redundant of those against City. The analysis for these official-capacity claims, then, becomes the same as laid out above for a *Monell* claim (i.e., Plaintiffs must show a causal link between a policy of City's and the alleged constitutional violations). Thus, for the reasons articulated above, the Court should dismiss all Plaintiffs' official capacity claims in this matter because they assert no facts to establish *Monell* liability and otherwise fail to state a claim for which relief can be granted.

### IV. <u>Conclusion</u>

The Court should dismiss Plaintiffs' Complaint against City Defendants for failure to state a claim. The Court should dismiss Counts I, II, III, and IV for failure to state a claim for which relief can be granted because Plaintiffs do not allege sufficient facts to establish an official policy or unofficial custom to support municipal liability under § 1983. The Court should dismiss Count XX against City because it is barred by sovereign immunity under Missouri law. The Court should also dismiss all Plaintiffs' official capacity claims against the ten police officers because those claims are redundant to the claims against City. City prays the Court grant their Motion to Dismiss for failure to state a claim with prejudice, and for any other relief the Court deems fair and reasonable.

Respectfully submitted,<br>
MICHAEL A. GARVIN,<br>
CITY COUNSELOR<br>
<br>
 /s/ J. Brent Dulle #59705MO <br>
Associate City Counselor<br>
CITY OF ST. LOUIS LAW DEPARTMENT<br>
1200 Market Street<br>
City Hall Room 314<br>
St. Louis, Missouri 63103<br>
Phone: 314-622-4644<br>
Fax: 314-622-4956<br>
DulleB@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify this Motion was electronically filed with the Court for service by means of Notice of Electronic Filing upon all attorneys of record on December 21, 2016.

 /s/ J. Brent Dulle 