**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JODY LOMBARDO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:16-CV-1637-NCC |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

On the Parties' Joint Motion for Entry of Stipulated Protective Order, the Court finds and rules as follows:

1. Jody Lombardo and Ryan Gilbert ("Plaintiffs"), and Defendants City of St. Louis, Ronald Bergmann, Michael Cognasso, Roland DeGregorio, Jason King, Bryan Lemons, Kyle Mack, , Zachary Opel, Joe Stuckey, Erich Vonnida, and Paul Wactor ("Defendants") expect that certain confidential documents and information, not publicly available, will be produced. Such information includes, but is not limited to, personnel information relating to employee discipline and internal investigations, and further, may be protected from public disclosure pursuant to § 610.021 of the Missouri Revised Statutes. These documents and this information are being designated as confidential by the producing party, and shall be marked "CONFIDENTIAL." Neither Plaintiffs nor Defendants (the "Parties") waive the right to object to the confidential designation of any such documents or information produced in this case.

2. The Parties consider the information and documents covered by this Protective Order to be confidential and are releasing said documents only in accordance with the terms specified below.

3. Persons entitled to have and inspect confidential information and documents shall be limited to the Parties, counsel for the Parties, employees of the Parties' counsel to the extent necessary, experts, witnesses who testify at trial or at any deposition in this lawsuit, court reporters, and other court personnel. Information and materials provided pursuant to this Protective Order shall not be used in any other legal action or administrative proceeding without the prior, specific, written consent of the producing party.

4. Neither counsel for the Parties nor the Parties themselves shall disclose any information or material subject to this Protective Order to any person or entity other than those set out in paragraph 3 above and/or the person who authorized or signed the documents in question. Counsel shall advise all individuals who review or receive confidential documents or information subject to this Protective Order of the terms of this Protective Order and such individuals must agree to keep the documents and/or information confidential under the terms of this Order.

5. This Protective Order does not restrict the use of such information or documents at trial. Issues of admissibility at trial shall be determined by the Court at that time.

6. Any submission of confidential documents or information to the Court shall be made under seal.

7. Nothing in this Protective Order shall:

      a.      Prevent any Party from objecting to discovery that the Party believes is improper for any reason; or

      b.      Preclude any Party from seeking any further or additional protection for confidential material not provided by this Protective Order.

8.      Any Party may challenge the producing party's designation of any documents or information as "confidential" under this Protective Order. Counsel for the Parties shall confer in good faith in an effort to resolve any dispute concerning whether the materials have been properly designated "confidential." Any dispute which cannot be resolved by such good-faith discussion may be presented to the Court for resolution. Documents designated by the producing party as "confidential" shall be treated as such unless/until the Court rules otherwise or such confidential designation is explicitly waived by the producing party.

9.      Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Protective Order. Within sixty (60) days of such final resolution, each Party who received confidential documents/information subject to this Protective Order shall, at its option, either: a) return all copies thereof to the producing party; or b) furnish to the producing party's counsel a certificate signed by its attorneys that all such copies have been collected and destroyed. This paragraph does not require the return or destruction of any motions, briefs, or other items filed with the Court that may contain, reference, or summarize confidential information.

10. This Protective Order shall not be modified, vacated, suspended, appealed or otherwise altered without further order of the Court. Use of any confidential materials subject to this Protective Order at discovery, at trial, or in any other manner shall not alter the obligations set forth in this Protective Order. This Court shall retain jurisdiction over this Protective Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall survive the termination of this lawsuit. Any violation of this Protective Order by any person subject to its terms may result in the imposition of sanctions against the violator.

11. Neither the agreement to or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action.

12. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

13. The terms of this Protective Order shall apply with equal force and effect to the Parties, and to any persons joined as parties to this lawsuit after the date of this Protective Order.

14. The Parties may designate as "Confidential" documents disclosed or produced in this lawsuit prior to the date of this Protective Order, and such documents shall be retroactively subject to the terms of this Protective Order. So long as such documents are adequately identified by the designating Party, such documents do not need to be physically stamped as "Confidential" to be made subject to the terms of this Protective Order.

Respectfully submitted,

| | |
|---|---|
| JULIAN BUSH,<br>City Counselor | FLINT LAW FIRM, LLC |
| /s/ H. Anthony Relys<br>H. Anthony Relys, #63190MO<br>Assistant City Counselor<br>City Hall<br>1200 Market Street, Room 314<br>St. Louis, MO  63103<br>Tel: (314) 622-3361<br>Fax: (314) 622.4956<br>relyst@stlouis-mo.gov | /s/ Andrew W. Callahan<br>Andrew W. Callahan, #60714MO<br>222 East Park Street<br>Suite 500<br>P.O. Box 189<br>Edwardsville, IL 62025<br>Tel: (618) 288-4777<br>Fax: (618) 288-2864<br>acallahan@flintfirm.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

**IT IS SO ORDERED** that the Parties' Joint Motion for Entry of Stipulated Protective Order (Doc. 39) is **GRANTED**.

Dated this 19th day of January, 2018.

                                              /s/ Noelle C. Collins
                                              NOELLE C. COLLINS
                                              UNITED STATES MAGISTRATE JUDGE