UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODY LOMBARDO and <br> BRYAN GILBERT, <br><br> Plaintiffs, <br><br> v. <br><br> SAINT LOUIS CITY, RONALD BERGMANN, <br> JOE STUCKEY, PAUL WACTOR, <br> MICHAEL COGNASSO, KYLE MACK, <br> ERICH VONNIDA, BRYAN LEMONS, <br> ZACHARY OPAL, JASON KING, <br> and RONALD DEGREGORIO, <br><br> Defendants. | Case No. 4:16-cv-01637-NCC |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Jody Lombardo and Bryan Gilbert's ("Plaintiffs") Motion to Overrule Defendant Saint Louis City's ("the City") Objections to Plaintiffs' Requests for Production (Doc. 36). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. 12). For the following reasons, Plaintiff's Motion will be **GRANTED**.

**I. Background**

On October 20, 2016, Plaintiffs filed this twenty-count action pursuant to 42 U.S.C. § 1983 and Missouri state law against the City and Ronald Bergmann, Michael Cognasso, Ronald Degregorio, Jason King, Bryan Lemons, Kyle Mack, Zachary Opal, Joe Stuckey, Erich Vonnida, and Paul Wactor's (collectively "Police Officer Defendants") (Doc. 1). Relevant to the current motion, Plaintiffs allege that as a result of the Police Officer Defendants' use of excessive force

and deliberate indifference to his need of medical care, Plaintiffs' son, Nicholas Gilbert ("Mr. Gilbert"), died on December 8, 2015 while in police custody (*Id.*).

On September 13, 2017, Plaintiffs served the City with their Requests for Production of Documents (Doc. 36-1). Requests 12-21 sought "the full and complete personnel file" for each Police Officer Defendant "including but not limited to all training received, and/or any formal or informal discipline, corrective action, or reprimands" (*Id.* at 4-6). In response to these requests, the City provided Plaintiffs with the Police Officer Defendants' training records and documents relating to all the complaints against the Police Officer Defendants that had been sustained by the police department's Internal Affairs Division ("IAD") (Doc. 40 at 2, 2 n.1). The City objected to the production of any complaints that had not been sustained by IAD "on the grounds that such files and documents contain personal and confidential information relating to the defendant officers in this case" . . . and the requests "are not reasonably limited in terms of time or scope, are overbroad, unduly burdensome, and are not proportional to the needs of this case" (Doc. 36-2).

On December 20, 2017, Plaintiffs filed the current Motion requests the Court overrule the City's Objections to their requests for production and compelling production of all formal or informal complaints, discipline, and corrective action or reprimands for the Police Officer Defendants (hereinafter "unsustained complaints") (Doc. 36 at 4). In support of their Motion, Plaintiffs generally assert that discovery is not limited to material that might be deemed relevant and admissible at trial and that the City does not possess the unilateral ability to dictate the scope of discovery based on its own view of the parties' respective theories of the case (*Id.*). Further, Plaintiffs argue, they are not required to rely on the police department's determination that these

2

complaints against the Police Officer Defendants were not sustainable and are therefore irrelevant and inadmissible (*Id.*).

The City responded stating that counsel offered to produced unsustained complaints against the Police Officer Defendants in this case "but only to the extent such complaints relate to the use of force or medical neglect allegations" (Doc. 40-1). To the extent Plaintiffs request unsustained complaints that are not related to excessive force of medical neglect, the City asserts that the Court should deny Plaintiffs' Motion because some threshold showing of relevance must be made and Plaintiffs have failed to articulate why they might need prior complaints against the Police Officer Defendants that have nothing to do with excessive force or medical neglect (Doc. 40 at 3-5).

Plaintiffs filed a reply indicating that the information sought here "is intended to help Plaintiffs gain an understanding of the key persons, relationships, and evidence in the case as well as the veracity of those persons and purported evidence" (Doc. 41 at 4). Specifically, the information "will give Plaintiffs an understanding of the veracity of the named officers, as it can potentially be used as evidence for impeachment purposes as well as evidence of a witness's character, however, it is impossible to know without viewing the full content of the personnel files" (*Id.*).

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. "Relevancy is to be broadly construed and encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"

*E.E.O.C. v. Woodmen of the World Life Ins. Society*, 2007 WL 1217919 at *1 (D. Neb. March 15, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). To that end, discovery need not be admissible at trial. Fed. R. Civ. P. 26(b)(1). However, the scope of discovery is not without limitation. The Court must limit discovery if: (1) the requested discovery is unreasonably cumulative, duplicative, or can be obtained from another source that is more convenient; (2) the party seeking discovery has had ample opportunity to obtain the information; or (3) the discovery is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C). The Court is directed to consider the following factors when addressing the proportionality requirement: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The management of discovery is committed to the sound discretion of the trial court." *In re Missouri Dep't of Nat. Res.*, 105 F.3d 434, 435 (8th Cir. 1997) (citing *Bunting v. Sea Ray, Inc.*, 99 F.3d 887, 890 (8th Cir. 1996)).

The Court finds that Plaintiffs are entitled to discovery of all unsustained complaints against the Police Officer Defendants. The unsustained complaints meet the minimal threshold of relevance necessary to be discoverable because the Police Officer Defendants' alleged misconduct is central to this case. *See Woods v. City of St. Louis Police Dep't*, No. 4:07CV931 SNLJ, 2009 WL 1650093, at *2 (E.D. Mo. June 12, 2009) (finding plaintiff entitled to any reports or complaints regarding the misconduct of the defendant officers because the action is based on the alleged misconduct of the officers). Further, the Court finds that the requested

discovery is proportional to the needs of the case.  The nature of the case and the amount in controversy are significant; this is a civil rights action alleging the death of an individual in police custody.  Plaintiff cannot access this information in any other reasonable manner and the City cannot show that the request is unduly burdensome in light of its willingness to provide some, but not all, of the Police Officer Defendants' unsustained complaints.  While the City suggests that the Court should deny as moot Plaintiffs' request for unsustained complaints to the extent such complaints relate to the use of force or medical neglect allegations, the Court will instead grant Plaintiff's complete request as the record only reflects that the City has agreed to provide these documents, not that it has provided the documents to Plaintiffs.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Jody Lombardo and Bryan Gilbert's Motion to Overrule Defendant Saint Louis City's Objections to Plaintiffs' Requests for Production (Doc. 36) is **GRANTED**.  The City shall provide Plaintiffs with all formal or informal complaints, discipline, and corrective action or reprimands for the Police Officer Defendants within fourteen (14) days of this Order.

Dated this 30th day of January, 2018.

                                                                /s/ Noelle C. Collins
                                                          NOELLE C. COLLINS
                                                          UNITED STATES MAGISTRATE JUDGE